[No. 8,290.—Department Two.]
Aug. 22, 1882.

## DAVID HECHT ET AL. v. WARREN GREEN ET AL.

ASSIGNMENT FOR THE BENEFIT OF CREDITORS—ATTACHMENT—NONSUIT.— In an action against the garnishees, under an attachment to recover money of the judgment debtors alleged to be in their hands, it appeared from the evidence of the plaintiff that the money in the hands of the defendant was the proceeds of sales of property assigned to them by the judgment debtor for the benefit of creditors.

*Held:* A nonsuit was properly granted. It was incumbent on the plaintiffs to impeach the assignment before asking the Court to disregard it; the Court had no right to assume that it was not a valid assignment.

ID.—INSOLVENCY ACT.—The provisions of the Civil Code relative to assignments for the benefit of creditors were not repealed by the "Act for the relief of insolvent debtors," approved April 16, 1880.

APPEAL from a judgment for the defendant in the County of Butte. HUNDLEY, J.

The complaint, in effect, alleged that in an action by the plaintiff against Boyles & Evans, who were indebted to them in a certain sum, an attachment was issued, and a copy of the same, with the notice of garnishment, was served upon the defendants in this action, who, it was alleged, had in their possession and under their control certain moneys and other property of the attachment debtors; that judgment was afterwards entered in favor of the plaintiffs against the said Boyles and Evans, and execution issued thereon, and that defendants refused to pay the money or deliver the property to the Sheriff, etc.

*John W. Turner* and *Freeman & Bates*, for Appellants.

The property and money was received under an assignment for creditors, and unless a valid assignment was shown, the moneys were, in favor of these plaintiffs, held for the use of Boyles and Evans, and subject to execution against them and in favor of plaintiffs; and plaintiffs are pursuing their appropriate remedy. (Drake on Attachment, § 458, 464; *Borden* v. *Sumners,* 4 Pick. 265; S. C., 16 Am. Dec. 338; *Lamb* v. *Stone,* 11 Pick. 527; *M'Clurg* v. *Lecky,* 3 P. & W. 83; S. C., 23 Am. Dec. 64; *Douglass* v. *Simpson,* 121 Mass. 281; *Wyles* v. *Beals,* 1 Gray, 233; *Varnum* v. *Camp,* 25 Am. Dec. 476.)

Plaintiffs having shown title in their judgment creditor must recover unless defendants show a valid, lawful transfer. (*Grum* v. *Barney,* 55·Cal. 254.)

The plaintiffs were not bound to prove a negative, viz.: that the assignment was not in writing, nor acknowledged, nor followed by a bond and inventory, etc. These facts, if existing, were peculiarly within the knowledge of defendants.

The whole title of our Code upon assignments for creditors is inconsistent with our recent Insolvent Act, and is thereby repealed. (*Wyles* v. *Beals,* 1 Gray, 233; Act of April 16, 1880, § 68; Const., § 1, Art. 2.)

*Reardan & Freer,* for Respondents.

The plaintiffs, by their own evidence, showed that the defendants were the assignees of Boyles & Evans for the benefit of their creditors, and that the assignment had been "made in pursuance of the provisions of the Civil Code." It is immaterial here that the evidence by which they showed this was not the best evidence of the fact. This we submit with great confidence, instead of making a *prima facie* case for the plaintiffs, throw upon them the whole burden of proving the invalidity of the assignment.

The provisions of the Civil Code, relative to assignments for the benefit of creditors are not inconsistent with the "Act for the Relief of Insolvent Debtors," passed the sixteenth of April, 1880; nor is Title III. of that Code repealed by such Act. (*Tiffany* v. *Lucas,* 15 Wall. (U. S.) 421; *Boese* v. *King,* 78 N. Y. 477.)

The COURT:

The motion for nonsuit was properly granted. The evidence introduced by plaintiffs did not tend to prove anything beyond the fact that the defendants had possession of the property of Boyles & Evans by virtue of an assignment made by them for the benefit of their creditors. Having proved so much, it was incumbent on the plaintiffs to impeach that assignment, before asking the Court to disregard it. The Court had no right to assume that it was not a valid assignment. We do not think that the provisions of the Civil Code relative to assignments for the benefit of creditors were repealed by the "Act for the Relief of Insolvent Debtors," approved April 16, 1880.

Judgment affirmed.